# UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| Deborah S. Hunt<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed: October 15, 2021

Mr. Aasir Azzarmi
10217 S. Inglewood Avenue
Inglewood, CA 90304

Mr. Jeffrey Jay Jones
Jones Day
150 W. Jefferson Avenue
Suite 2100
Detroit, MI 48226

Re: Case No. 21-1185, *Aasir Azzarmi v. Sedgwick Claims Mgt Systems, et al*
Originating Case No. 2:21-cv-10074

Dear Mr. Azzarmi and Counsel,

The Court issued the enclosed Order today in this case.

Sincerely yours,

s/Robin L Baker
Case Manager
Direct Dial No. 513-564-7014

cc: Ms. Kinikia D. Essix

Enclosure

Mandate to issue

**NOT RECOMMENDED FOR PUBLICATION**

No. 21-1185

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Oct 15, 2021
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| AASIR AZZARMI, | ) |
| Plaintiff-Appellant, | ) |
| v. | ) ON APPEAL FROM THE UNITED |
| | ) STATES DISTRICT COURT FOR |
| SEDGWICK CLAIMS MANAGEMENT | ) THE EASTERN DISTRICT OF |
| SYSTEMS, INC., et al., | ) MICHIGAN |
| Defendants-Appellees. | ) |

O R D E R

Before: MOORE, GILMAN, and KETHLEDGE, Circuit Judges.

Aasir Azzarmi, a pro se California resident, appeals the district court's orders dismissing his complaint for failing to state a claim and denying his motion for relief from judgment and to amend. This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a).

In January 2021, Azzarmi filed his complaint for damages against several defendants, including Jones Day. He alleged that the defendants violated the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 et seq., by conspiring with each other to impersonate doctors and police officers and engage in a mail-and-wire-fraud scheme to deprive Azzarmi of business and property. The district court granted Azzarmi permission to proceed in forma pauperis (IFP), but it sua sponte dismissed his complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failing to state a claim on which relief may be granted because he did not allege any facts in support of his conclusory accusations or even recite the elements of a RICO claim.

Azzarmi filed a motion for reconsideration in which he asked for clarification and asserted that he wished to file an amended complaint, but had been waiting to be granted IFP status before doing so. The district court denied the motion because Azzarmi had stated no grounds supporting relief from the judgment, did not move for reconsideration within the fourteen days allowed by Local Rule 7.1(h), did not state any grounds for clarification, and did not move to amend the complaint.

On appeal, Azzarmi asserts that he should have been allowed an opportunity to amend his complaint under Federal Rules of Civil Procedure 15(a) and 60(b). Counsel for Jones Day, appearing for the first time on appeal, argues that the district court correctly dismissed the complaint for failing to state a claim and did not abuse its discretion by declining to grant Azzarmi's post-judgment motion. Azzarmi moves to strike the brief filed by Jones Day, arguing that, because Jones Day was not served in the district court, it should not be allowed to make any arguments or supplement the record on appeal. He also argues that Jones Day should be deemed to have waived any objections to personal jurisdiction and venue by filing a brief and should be sanctioned by this court for appearing on appeal.

We review de novo a district court's decision to dismiss under 28 U.S.C. § 1915(e)(2)(B). *See Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although a pro se litigant is entitled to a liberal construction of his pleadings, *see Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004), he is not exempt from the requirements of the Federal Rules of Civil Procedure, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). "To state a RICO claim, a plaintiff must plead the following elements: '(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.'" *Ouwinga v. Benistar 419 Plan Servs., Inc.*, 694 F.3d 783, 791 (6th Cir. 2012) (quoting *Moon v. Harrison Piping Supply*, 465 F.3d 719, 723 (6th Cir. 2006)).

Case 2:21-cv-10274-SJM-APP ECF No. 12, PageID.157 Filed 10/15/21 Page 4 of 5
Case: 21-1185 Document: 11-2 Filed: 10/15/2021 Page: 4 (4 of 5)

No. 21-1185
- 3 -

Azzarmi's statement of his claim was brief and conclusory. Although he vaguely employed terms typically used to describe a RICO claim, he did not allege sufficient specific factual matter to support his conclusory assertions or state a plausible claim that the defendants conspired together to violate RICO. *See Iqbal*, 556 U.S. at 678. Azzarmi does not challenge this conclusion on appeal, *see Robinson v. Jones*, 142 F.3d 905, 906 (6th Cir. 1998), and, accordingly, the district court correctly dismissed his complaint for failing to state a claim.

Azzarmi instead argues that the district court should have granted him relief from the judgment under Rule 60(b) and allowed him to amend the complaint under Rule 15(a). In his motion for reconsideration, which cited Rule 60(b), Azzarmi asserted that he "would like an opportunity to file [an] Amended Verified Complaint with evidence to sufficiently state a RICO claim." He did not identify an error in the district court's dismissal of his original complaint, and although he stated that his amended complaint was "not frivolous" and was adequate to state a RICO claim, he did not include a copy of the amended complaint or otherwise indicate what new factual allegations he sought to include.

When a plaintiff seeks post-judgment relief and leave to amend, he must satisfy the requirements of both Rules 15 and 60(b) (or Federal Rule of Civil Procedure 59). *See Leisure Caviar, LLC v. U.S. Fish and Wildlife Serv.*, 616 F.3d 612, 615-16 (6th Cir. 2010). We review a district court's denial of relief under Rules 15 and 60 for an abuse of discretion. *Id.* at 615; *Doe v. Lexington-Fayette Urban Cnty. Gov't*, 407 F.3d 755, 760 (6th Cir. 2005). Under Rule 15, a district court should freely allow requests to amend a complaint, but when such a request is filed after a judgment against the plaintiff, the plaintiff bears a heavier burden because the court must "consider[] the competing interest of protecting the finality of judgments and the expeditious termination of litigation." *Leisure Caviar, LLC*, 616 F.3d at 615-16 (quoting *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002)).

Azzarmi did not satisfy this burden in his motion. As discussed above, his inadequately pleaded complaint was correctly dismissed. He asserted that he "was waiting for the IFP to be granted" before filing an amended complaint and that his amended complaint "is not frivolous and

adequately states a RICO claim," but he must still comply with the basic pleading requirements of Federal Rule of Civil Procedure 8. *See Wells*, 891 F.2d at 594. Even accepting Azzarmi's misunderstanding of the time to file an adequately pleaded complaint, he did not submit a copy of his amended complaint or explain the new allegations that would be contained therein. A district court does not abuse its discretion by denying leave to amend when the plaintiff fails to provide the district court with "the particular grounds on which the amendment is sought" or any facts that would allow the district court to determine whether amendment would be appropriate. *Beydoun v. Sessions*, 871 F.3d 459, 469 (6th Cir. 2017) (quoting *PR Diamonds, Inc. v. Chandler*, 364 F.3d 671, 699 (6th Cir. 2004)); *see Roskam Baking Co. v. Lanham Mach. Co.*, 288 F.3d 895, 906 (6th Cir. 2002) (explaining that a plaintiff seeking to amend his complaint must provide the district court with "the substance of the proposed amendment"). And even on appeal, Azzarmi does not identify any facts suggesting that his complaint could survive dismissal. *See Beydoun*, 871 F.3d at 470. In these circumstances, the district court did not abuse its discretion by denying the motion for relief from judgment and to amend.

We also decline to strike the brief filed by Jones Day or to sanction it for appearing on appeal in a lawsuit in which it had been named as a defendant.

For the reasons discussed above, we **AFFIRM** the district court's judgment. We **DENY** Azzarmi's motion to strike and for sanctions.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk